UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                        DECISION AND ORDER
                                           (Rule 29 motion)

        v.                                         08-CR-118A

MANSOOR RABBANI,

                Defendant.

Following trial by jury, the defendant , Mansoor Rabbani, was convicted of: (1) for the purpose of private financial gain, encouraging or inducing an alien to enter the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and (a)(1)(B)(I); (2) for the purpose of private financial gain, bringing an alien into the United States in violation of 8 U.S.C. § 1324(a)(2)(B)(ii); (3) aiding and abetting another in the making of a false statement to the United States in violation of 18 U.S.C. § 1001(a)(2); and (4) misuse of the passport of another in violation of 18 U.S.C. § 1544.

Currently before the Court is a post-trial motion by the defendant for a judgment of acquittal under Fed. R. Civ. P. 29. For the reasons stated, the motion is denied.

**DISCUSSION**

Federal Rule of Criminal Procedure 29 permits a trial court to enter a judgment of acquittal with respect to "any offense for which the evidence is insufficient to sustain a conviction." See Fed. R. Crim. P. 29(a). A defendant who challenges the sufficiency of the evidence in a Rule 29 motion "bears a heavy burden," United States v. Finley, 245 F.3d 199, 202 (2d Cir. 2001), and must establish that "no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." See United States v. Reyes, 302 F.3d 48, 52 (2d Cir. 2002). The test established by the Supreme Court for a Rule 29 motion is "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" See United States v. Temple, 447 F.3d 130, 136 (2d Cir. 2006)( quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). In other words, "'[a] court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.'" Id. (quoting United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999)).

The evidence viewed in the light most favorable to the government supports each of the defendant's convictions. The evidence showed that on October 14, 2007, the defendant presented himself at the Rainbow Bridge Port of Entry in Niagara Falls, New York, seeking entry into the United States from Canada. The defendant was driving a black 1995 Mercedes and had a passenger in the car who identified himself as Jaskaran Singh. The passenger presented a passport bearing the name Jaskaran Singh. The customs agent became suspicious after noticing that the passenger did not

2

resemble the photo in the passport and referred the defendant and his passenger to secondary inspection. At secondary inspection, the defendant told agents that he did not know the passenger, that he had just met the passenger in a casino in Canada, that the passenger had asked the defendant to give him a ride to a gas station in the United States and that the defendant had agreed to do it. The defendant also claimed that he did not know the passenger - later identified as Iftikhar Virk - was an alien.

Virk, on the other hand, gave agents a different story. Virk admitted to being an alien and claimed that the defendant had agreed to bring him into the United States in exchange for money. Virk told authorities he paid the defendant $8,000 in Canadian funds to smuggle him in. According to Virk, the defendant gave him Singh's passport and instructed him to shave his moustache and to wear a baseball cap so as to resemble the photo in the passport.

The government introduced a considerable amount of evidence to support Virk's testimony. The government presented evidence showing that the defendant was acquainted with the Jaskaran Singh, the person whose passport Virk presented as his own. In fact, Singh's telephone number was found on the defendant's cellular telephone. There was also evidence presented showing that the defendant's vehicle had entered the United States a few months earlier and one of the passengers in the car at that time also presented Singh's passport, thereby supporting the government's theory that the defendant gave Singh's passport to Virk, and contradicting the defendant's claim that he had just met Virk at a casino.

The jury was free to credit Virk's version of the events and to reject the version presented by the defendant. When viewed in the light most favorable to the

government, there was sufficient evidence to support each of the defendant's convictions. Therefore, the motion for a judgment of acquittal is denied.[1]  The parties shall appear for sentencing on May 26, 2009, at 12:00 p.m.


SO ORDERED.

                                                          s/ *Richard J. Arcara*
                                                        HONORABLE RICHARD J. ARCARA
                                                        CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT

DATED: May  7  , 2009

---

[1] The defendant also argues in his motion that this Court erred in failing to give a "missing witness" charge. The Court finds it unnecessary to address that argument because it is not a proper basis for granting a Rule 29 motion.  A Rule 29 motion for acquittal may be granted only on the ground that the evidence against a defendant is insufficient. See Fed. R. Crim. P. 29(a); see also United States v. Rivers, 406 F. Supp. 709, 711 n. 1 (E.D. Pa.1975) (finding that defendant's arguments that the court erred in failing to give a "missing witness" charge to the jury was not a proper ground for a judgment of acquittal under Rule 29), aff'd, 544 F.2d 513 (3d Cir. 1976).